# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-40684
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 8, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARGARITO ALVARADO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:16-CR-927-4

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Margarito Alvarado pleaded guilty to conspiring to transport undocumented aliens by means of a motor vehicle. The district court sentenced Alvarado to 70 months in prison and three years of supervised release. The district court ordered the sentence in the instant case to run consecutively to any sentence imposed in a then-ongoing failure to appear case.[1]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Alvarado failed to appear for his initially scheduled sentencing hearing in the instant case and was subsequently indicted for the offense of failure to appear under 18 U.S.C.

No. 17-40684

On appeal, Alvarado argues that the district court erred in (1) applying the reckless endangerment enhancement pursuant to U.S.S.G. § 2L1.1(b)(6); (2) holding him responsible and enhancing his sentence for smuggling, transporting, or harboring 100 or more undocumented aliens pursuant to § 2L1.1(b)(2)(c); and (3) ordering that the sentence in the instant case run consecutively to the anticipated but not yet imposed sentence in the failure to appear case.

Because Alvarado raised objections to the district court's imposition of the sentencing enhancements pursuant to § 2L1.1(b)(6) and § 2L1.1(b)(2)(c), we review the district court's application of the sentencing enhancements de novo and its factual findings for clear error. *United States v. Villanueva*, 408 F.3d 193, 202-03 & n.9 (5th Cir. 2005). As long as a factual finding is plausible in light of the record as a whole, it is not clearly erroneous and should be upheld. *United States v. Alaniz*, 726 F.3d 586, 618 (5th Cir. 2013). Absent rebuttal evidence, a sentencing court may rely on the presentence report and adopt its factual findings. *Id*. at 619.

Under § 2L1.1(b)(6), a defendant's sentence for the offense of transporting an undocumented alien is enhanced if the offense involved "intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person." We reject Alvarado's assertions that the Government failed to prove that the conduct made the basis of the reckless endangerment enhancement was part of the conspiracy of which he was involved; that the conduct was not foreseeable to him; and that the conduct did not amount to reckless endangerment. *See* § 1B1.3(a)(1)(B); § 2L1.1, comment. (n.3). The presentence report, to which Alvarado offered no rebuttal

---

§ 3146(b)(2). The parties and the record before us provide no further information on the outcome of this indictment or whether proceedings are still ongoing.

evidence, and the testimony at the sentencing hearing established that aliens were transported, during the term of the conspiracy of which Alvarado was involved, in vehicles in an unsafe manner and were, at times, required to travel through the brush often without adequate food or water. *See Alaniz*, 726 F.3d at 619; § 2L1.1(b)(6), comment. (n.3); *United States v. Cuyler,* 298 F.3d 387, 391 (5th Cir. 2002); *United States v. Garcia-Guerrero*, 313 F.3d 892, 896-97 (5th Cir. 2002); *United States v. De Jesus-Ojeda,* 515 F.3d 434, 443 (5th Cir. 2008). Thus, the district court did not clearly err in applying the enhancement. *See Alaniz*, 726 F.3d at 618.

Section 2L1.1(b)(2) provides for a nine-level enhancement if the offense involved the smuggling, transporting, or harboring of 100 or more aliens. The presentence report's recitation of facts, which were not rebutted by Alvarado and which were adopted by the district court, showed that it was plausible that the offense involved 100 or more aliens. *See Alaniz*, 726 F.3d at 618. Thus, Alvarado has not shown clear error in connection with the district court's finding concerning the number of aliens involved with his offense. *See id.*

Lastly, we reject Alvarado's contention that the district court erred in ordering that the sentence in the instance case run consecutively to the anticipated but not yet imposed sentence in the failure to appear case. Because Alvarado did not object, we review for plain error. *See United States v. Broussard,* 669 F.3d 537, 546 (5th Cir. 2012). The failure-to-appear statute mandates that the term of imprisonment for that offense "shall be consecutive to the sentence of imprisonment for any other offense." 18 U.S.C. § 3146 (b)(2); *see United States v. Packer*, 70 F.3d 357, 360 (5th Cir. 1995). Thus, no error, plain or otherwise, has been shown based on the explicit language of § 3146(b)(2). The judgment of the district court is AFFIRMED.

AFFIRMED.